IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN LAMM, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 07-1126-MLB |
| CESSNA AIRCRAFT COMPANY, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
OF DENIAL OF IFP STATUS**

Plaintiff Stephen Lamm filed his federal court Complaint on May 3, 2007, alleging disability discrimination in employment against his former employer, Cessna Aircraft Company. (Doc. 1.) He also filed an "Application for Leave to File Action Without Payment of Fees, Costs, or Security" (IFP application) with a supporting financial affidavit. (Doc. 2, sealed.)

**I.** *In Forma Pauperis* **Status.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.* There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the

courts are available to all citizens, not just those who can afford to pay. *See* ***Yellen v. Cooper***, 82 F.2d 1471 (10th Cir. 1987).

In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his affidavit, Plaintiff does not indicate, as requested, whether he is single, married, or if he has dependents. He states he is disabled, unemployed, and lists no monthly income other than monthly Social Security disability payments. He owns no real property, pays a small amount for rent, does not own an automobile, and has a negligible amount of cash on hand. He lists moderate grocery and utility expenses. He also states he has no other debts because he has "had everything repossessed."

Although Plaintiff's only income is in the form of Social Security Disability payments, this income exceeds his listed monthly expenses by more than $1,100 based on the information he has provided to the Court. The Court is unaware of any statute, regulation or case authority which treats disability income payments

differently for purposes of determining a claimant's IFP status. Therefore, considering all of the information provided by Plaintiff, the Court has no choice but to determine that Plaintiff is capable of paying the requisite filing fee. Under these circumstances, the undersigned Magistrate Judge recommends that Plaintiff's motion for *IFP* status be **DENIED**.[1]

## II.     Application of 28 U.S.C. § 1915.

Assuming that Plaintiff will proceed with this case by tendering the required filing fee, the Court must also consider whether dismissal is required under 28 U.S.C. § 1915.[2] Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal

---

[1] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal. ***Lister v. Department of Treasury***, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

[2] The Tenth Circuit has concluded that Section 1915 applies even where the plaintiff has ultimately paid the filing fee. *See e.g.,* ***Fogle v. Pierson,*** 435 F.3d 1252, 1258 (10th Cir. 2006).

citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  **Hall v. Bellman**, 935 F.2d 1106, 1108 (10th Cir. 1991).

Here, Plaintiff Lamm is not a prisoner as defined in 28 U.S.C. § 1915(h). However, some courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status.  *See e.g.,* **Rowe v. Shake,** 196 F.3d 778, 783 (7th Cir. 1999); **McGore v. Wigglesworth,** 114 F.3d 601, 608 (6th Cir. 1997).  The Court will therefore apply the screening procedure outlined in § 1915(e)(2).

In determining whether dismissal is appropriate under § 1915(e)(2), the pleadings of a *pro se* litigant are to be construed liberally and held to a less stringent standard than formal pleadings drafted by attorneys.  This does not mean, however, that the court must become an advocate for the *pro se* plaintiff.  **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  *See also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972).

The broad reading of a plaintiff's complaint does not relieve the burden of alleging sufficient facts to give the opposing party fair notice of the basis of the claim against it so that it may respond or to allow the court to conclude that the

allegations, if proved, show plaintiff is entitled to relief.  *Hall*, 935 F.2d at 1110; *see also* **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473 (10th Cir. 1989).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

In reviewing the allegations of Plaintiff's Complaint, the Court is mindful that *pro se* litigants are held to a less stringent standard of review and that *sua sponte* dismissals are generally disfavored.  Nonetheless, after reviewing Plaintiff's complaint (Doc. 1) and construing his allegations liberally, if the court finds that Plaintiff has failed to state a claim upon which relief may be granted, it should recommend that the action be dismissed.

It is well settled that a plaintiff must exhaust his administrative remedies before bringing suit under Title VII and the KAAD. **Aramburu v. Boeing Co.**, 112 F.3d 1398, 1409 (10th Cir.1997).  The filing of a charge of discrimination with the EEOC is a prerequisite to this court's jurisdiction.  **Jones v. Runyon**, 91 F.3d 1398, 1399-1400 n. 1 (10th Cir. 1996);  **Shikles v.  Sprint/United Management Co.,** 426

F.3d 1304, 1317 (10th cir. 2005). In Kansas, a plaintiff must file an EEOC charge within 300 days after the alleged unlawful conduct occurs. *See* 42 U.S.C. § 2000e-5(e).

In the matter before the Court, Plaintiff alleges he was subjected to employment discrimination as a result of his disability, which culminated in the termination of his employment on March 12, 2005. He did not, however, file his charge of discrimination with the EEOC until October 12, 2006, more than a year and half after his employment was terminated and well beyond the 300 day time frame prescribed by 42 U.S.C. § 2000e-5(e). Plaintiff's Complaint refers to Defendant's alleged "failure to pay disability according to the terms of Plaintiff's employment." (Doc. 1, at ¶ 10.) He does not indicate whether this alleged failure to pay is on-going or if it occurred at such a time frame as to have made his EEOC charge of discrimination timely. Without clarification of this information, the Court cannot determine whether Plaintiff's claims against Defendant are viable.[3]

Because the Court cannot determine from the face of the Complaint whether

---

[3] In contemplating a dismissal under § 1915, the district court may consider affirmative defenses, such as the statute of limitations, *sua sponte* only under circumstances in which it is "'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'" ***Fratus v. Deland***, 49 F.3d 673, 675 (10th Cir. 1995) (quoting ***Yellen v. Cooper***, 828 F.2d 1471, 1476 (10th Cir. 1987)). *See also* ***Trujillo v. Williams***, 465 F.3d 1210, 1216-17 (10th Cir. 2006); ***Fogle v. Pierson***, 435 F.3d 1252, 1258 (10th Cir. 2006).

Plaintiff's claims would be barred by failure to exhaust his administrative remedies, the Court hereby grants Plaintiff until **June 2, 2007**, to file an amended or supplemental complaint which addresses and the deficiency set out above.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's motion for *IFP* status be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff be given until **June 2, 2007**, within which to file an Amended Complaint which addresses the deficiency in his initial Complaint as outlined in this Order.

**IT IS FURTHER ORDERED** that a copy of the recommendation shall be sent to plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge.  A party's failure to file such written, specific objections within the ten-day period will bar appellate

review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 15th day of May, 2007.

    s/   DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge